IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Dean Jones, *a.k.a. Jimmy D. Jones*,           )<br>                                                      )<br>                        Plaintiff,            )<br>                                                      )<br>  vs.                                             )<br>                                                      )<br> Tim Riley, Warden; Laura Caldwell;   )<br> Gary Lane; Cpl. Betty Rodgers; Lt.   )<br> Lawrence Levigne; Mrs. Nancy Byrd;  )<br> Investigator Donald Lane; Disciplinary )<br> Hearing R. L. Turner,                      )<br>                                                      )<br>                        Defendants.       )<br>_____ ) | C/A No.: 1:12-1033-TLW-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Tyger River Correctional Institution ("TRCI") and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the following defendants from this action, without prejudice and without issuance and service of process: Tim Riley; Laura Caldwell; Mrs. Nancy Byrd; and R. L. Turner. In a separately-docketed order, the undersigned has authorized service against the following defendants: Gary Lane; Cpl. Betty Rodgers; Lt. Lawrence Levigne; and Investigator Donald Lane.

I.   Factual and Procedural Background

Plaintiff originally submitted a pleading seeking injunctive relief from the alleged denial of medical treatment, denial of religious services, and denial of institutional employment. [Entry #1 at 5]. Because Plaintiff failed to clearly identify the defendants in the case or provide service documents necessary to advance the case, the undersigned issued an order directing Plaintiff to bring this case into proper form for initial review. [Entry #9]. Plaintiff filed motions to extend his proper form deadline, which the court granted. [Entry #11, 16].

Plaintiff complied with the court's order by submitting an amended complaint. [Entry #21]. The amended complaint alleges that on May 3, 2012, defendant Rodgers, the mailroom supervisor at TRCI, "rejected plaintiff's legal mail which consisted of a five-page letter to Senator Reese and also a trial transcript." *Id.* at 3–4. Plaintiff attempted to discuss the issue with defendant Byrd, the mailroom director at TRCI, but Rodgers "interrupted the meeting and stated she wanted [Plaintiff] to return to [his] dorm." *Id.* at 4. Byrd allegedly directed Plaintiff to wait in "operations," but Rodgers again told Plaintiff to return to the dorm area and "summoned contraband officer Lt. Lawrence Levigne." *Id.* Plaintiff attempted to explain the situation to defendant Levigne, who allegedly became angry and ordered Plaintiff to the ground. *Id.* Because Plaintiff's physical limitations prevented him from moving quickly, Levigne allegedly knocked Plaintiff down, "struck [him] in the kidneys, stomped and sprayed [him] in the face and eyes with pepper spray." *Id.* at 4–5. Plaintiff alleges he suffered cuts, bruises,

lacerations, and an abrasion over his right eye, and received treatment by medical staff immediately after the incident. *Id.* at 5.

Plaintiff states that on May 15, 2012, Associate Warden Gary Lane and Investigator Donald Lane called him into a meeting and allegedly stated that they were aware Plaintiff had filed an action in district court, and warned that Plaintiff's continued litigation or the filing of more grievances would result in his placement in an area where pens, paper and envelopes would not be available. *Id.* at 7. The next day, Plaintiff received institutional charges resulting from the incident on May 3, 2012. *Id.* Plaintiff claims that the charges were filed beyond the nine-day limit established by prison policy for initiating institutional charges. *Id.* One week later, defendant Turner, disciplinary hearing officer, found Plaintiff guilty of the infraction despite his submission of documents and witness statements. *Id.* at 8. Defendant Turner sentenced Plaintiff to thirteen months of "lock-up" and two years of lost privileges. *Id.* Plaintiff alleges that the charges were falsely leveled against him to justify defendant Levigne's use of force and pepper spray. *Id.* Plaintiff further claims that the allegedly-unjustified disciplinary conviction resulted from defendant Rodgers' misstatement of facts and defendant Byrd's decision to "change[] her story on the incident report." *Id.* at 10–11. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 14.[1]

---

[1] The undersigned notes that the amended complaint does not allege claims associated with the denial of prison employment or the denial of religious services.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

While the amended complaint provides sufficient factual information to withstand summary dismissal against defendants Gary Lane, Rodgers, Levigne, and Donald Lane, Plaintiff's claims against the remaining defendants are subject to summary dismissal. First, the amended complaint names Warden Tim Riley and Associate Warden Laura Caldwell for their alleged deliberate indifference to Plaintiff's safety and medical needs. [Entry #21 at 9]. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–836 (1994). The amended complaint in this case provides no facts to show that defendants Riley and Caldwell were personally involved in the alleged use of excessive force on May 3, 2012. Plaintiff also fails to allege that either of these defendants have personally denied Plaintiff medical care. Instead, the amended complaint claims that defendants Riley and Caldwell have refused to have contact with Plaintiff and have failed to properly respond to "request to staff" forms he submitted to "informally resolve the issue of staff misconduct." [Entry #21 at 9]. Such allegations do not rise to the level of deliberate indifference to Plaintiff's medical needs and/or safety. Further, to the extent Plaintiff alleges that Riley and Caldwell have refused to process

grievances, such claims are subject to summary dismissal because inmates have no constitutionally-protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's individual capacity claims against defendants Riley and Caldwell are subject to summary dismissal.

In addition, defendants Riley and Caldwell are entitled to dismissal on any claim for supervisory liability. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d at 221. As indicated above, the amended complaint contains no facts against defendants Riley or Caldwell to demonstrate that they were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Therefore, the amended complaint also fails to state a cognizable claim against defendants Riley and Caldwell based on supervisory liability.

The amended complaint next claims that defendant R. L. Turner, disciplinary hearing officer, found Plaintiff guilty of a "false and erroneous" disciplinary charge. [Entry #21 at 12]. Plaintiff complains that defendant Byrd "changed her story on the incident report" regarding the disciplinary charge, thus contributing to Plaintiff's alleged wrongful disciplinary conviction. *Id.* at 11. Liberally construed, the amended complaint alleges that defendants Turner and Byrd violated Plaintiff's right to due process during the disciplinary hearing process. Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, in order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). In the case *sub judice*, Plaintiff has made no allegations that he lost any good-time credits as a result of the disciplinary action or that his disciplinary conviction resulted in an increase in the sentence imposed. As such, Plaintiff has failed to show that the actions of defendants Turner and Byrd enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest and to give rise to the protection of the due process clause by its own

force. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force). Further, Plaintiff has not demonstrated that the conditions of segregated confinement constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991) ("changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison"). Because Plaintiff fails to demonstrate that his disciplinary conviction implicates a protected liberty interest or that his segregated confinement constitutes an atypical hardship, Plaintiff's due process claim against defendants Turner and Byrd is also subject to summary dismissal.

III. Conclusion

For the foregoing reasons, it is recommended that the following defendants be dismissed from this case without prejudice and without issuance and service of process: Tim Riley; Laura Caldwell; Mrs. Nancy Byrd; and Disciplinary Hearing R. L. Turner.

IT IS SO RECOMMENDED.

August 3, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).