# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Jimmy Dean Jones, a/k/a Jimmy D. Jones, ) ) | Civil Action No. 1:12-cv-01033-JMC |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| Tim Riley, Warden; Laura Caldwell; Gary Lane; Cpl. Betty Rodgers; Lt. Lawrence Levigne;[1] Mrs. Nancy Byrd; Investigator Donald Lane; and Disciplinary Hearing R. L. Turner, ) ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 30]. The Report, filed on August 3, 2012, recommended dismissing Defendants Riley, Caldwell, Byrd, and Turner from the action for failure to state a claim. This review considers Plaintiff's *pro se* Objections to the Report ("Objections"), [Dkt. No. 38], filed on August 24, 2012. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. Defendants Riley, Caldwell, Byrd, and Turner are **DISMISSED** without prejudice.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his *pro se* Complaint on April 18, 2012, seeking what has been construed as relief pursuant to 42 U.S.C. § 1983 [Dkt. No. 1]. The court issued an order requiring that the Complaint be brought into proper form [Dkt. No. 9]. After Plaintiff's Motion for Extension of Time [Dkt. No. 11] was

---

[1] According to the Magistrate Judge's Report and Recommendation [Dkt. No. 74], it appears that "Lavigne" is the correct spelling of the defendant captioned as Levigne.

1

granted by the court [Dkt. No. 12], Plaintiff filed his Amended Complaint on July 16, 2012 [Dkt. No. 21]. The relevant facts and legal standards regarding the underlying § 1983 action are set forth in detail in the Report, which the court incorporates herein by reference. The allegations in the Amended Complaint concern a mailroom incident which resulted in Plaintiff receiving some injuries and institutional sanctions.

The Magistrate Judge issued his Report on August 3, 2012, recommending that Defendants Riley, Caldwell, Byrd, and Turner be dismissed from the case without prejudice [Dkt. No. 30]. This recommendation was based upon Plaintiff's failure to show "deliberate indifference," personal involvement, or supervisory liability by these Defendants. The Report also finds that Plaintiff failed to show that he suffered a due process violation as a result of the institution's proceedings and resulting penalty.

Plaintiff filed his Objections to the Report on August 24, 2012. His Objections listed reasons why each of the four named Defendants should not be dismissed. Plaintiff claimed that Defendant Riley should not be dismissed because: (1) he failed in his duties to properly train and supervise the staff, specifically with regard to Lavigne's actions; (2) he did not reply to Plaintiff's form which made Riley aware of the events that took place on May 3, 2012; and (3) he was deliberately indifferent to Plaintiff and failed to protect him from harm. Plaintiff argued Defendant Caldwell should not be dismissed because (1) as a supervisor over Lavigne, she failed to properly train and supervise him, and (2) she was deliberately indifferent to Plaintiff because she did not answer his staff request form. Plaintiff asserted Defendant Byrd should not be dismissed because (1) she changed her story in the incident report, (2) did not testify at Plaintiff's hearing, and (3) was the person who told him to stay in the room where the alleged incident occurred. Finally, Plaintiff argued that Defendant Turner should not be dismissed

because he found Plaintiff guilty of false charges after Plaintiff told him that the period of limitation for bringing such charges had expired.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Therefore, if the plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

## DISCUSSION

In this case, Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Although Plaintiff points to specific portions of the Report relating to these Defendants in the Objections, Plaintiff merely restates his initial claims from his Amended Complaint. Restating claims previously presented in the Amended Complaint are not considered proper objections. Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 316. The court does not find clear error and accepts the Report by the Magistrate Judge.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 30]. Defendants Riley, Caldwell, Byrd, and Turner are thereby **DISMISSED** without prejudice from this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 25, 2013