# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Jimmy Dean Jones, a/k/a Jimmy D. Jones, | ) ) ) Civil Action No. 1:12-cv-01033-JMC |
| Plaintiff, | ) ) |
| v. | ) **OPINION AND ORDER** ) |
| Tim Riley, Warden; Laura Caldwell; Gary Lane; Cpl. Betty Rodgers; Lt. Lawrence Levigne;[1] Mrs. Nancy Byrd; Investigator Donald Lane; and Disciplinary Hearing R. L. Turner,[2] | ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 74]. The Report, filed on March 6, 2013, recommended granting summary judgment for the remaining Defendants in this case and dismissing the action without prejudice. This review considers Plaintiff's *pro se* Objections to the Report ("Objections"), filed on March 22, 2013 [Dkt. No. 77]. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report, **GRANTS** Defendant's Motion for Summary Judgment [Dkt. No. 58] and **DISMISSES** Plaintiff's Amended Complaint without prejudice [Dkt. No. 21].

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his *pro se* Complaint on April 18, 2012, seeking what has been construed as relief pursuant to 42 U.S.C.

---

[1] According to the Magistrate Judge's Report and Recommendation [Dkt. No. 74], it appears that "Lavigne" is the correct spelling of the defendant captioned as Levigne.
[2] Pursuant to the court's Order, the only remaining Defendants in this Order are G. Lane, D. Lane, Lavigne, and Rodgers [Dkt. No. 81].

1

§ 1983 [Dkt. No. 1].  The court issued an order requiring that the Complaint be brought into proper form [Dkt. No. 9].  After Plaintiff's Motion for Extension of Time [Dkt. No. 11] was granted by the court [Dkt. No. 12], Plaintiff filed his Amended Complaint on July 16, 2012 [Dkt. No. 21].  The relevant facts and legal standards regarding the underlying § 1983 action are set forth in detail in the Report, which the court incorporates herein by reference.  The allegations in the Amended Complaint concern a mailroom incident which resulted in Plaintiff receiving some injuries and institutional sanctions.

The Magistrate Judge issued an initial Report and Recommendation on August 3, 2012, recommending that Defendants Riley, Caldwell, Byrd, and Turner be dismissed from the case without prejudice [Dkt. No. 30].  In its order, the court accepted the Report and Recommendation and dismissed those named Defendants [Dkt. No. 81].

Defendants G. Lane, D. Lane, Lavigne, and Rodgers filed a Motion for Summary Judgment on December 10, 2012.  The court issued a corresponding Roseboro Order [Dkt. No. 59].  Plaintiff filed his Response in Opposition to Motion for Summary Judgment on January 7, 2013 [Dkt. No. 66].  Defendants filed their Reply to the Response on January 17, 2013 [Dkt. No. 69].  The Magistrate Judge filed his Report on March 6, 2013, recommending that the motion for summary judgment be granted and the case be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies [Dkt. No. 74].

Plaintiff timely filed his Objections to the Report on March 22, 2013.  The Objections discuss multiple factors for the court's consideration.  Plaintiff's Objections begin by discussing some of the facts and issues that were contained in the initial Complaint but not in the Amended

Complaint.[3]  Plaintiff draws the court's attention to a statement in the Magistrate Judge's first Report and Recommendation in this case [Dkt. No. 30] where it indicated that there was enough evidence regarding the remaining Defendants to overcome summary dismissal.  Moreover, Plaintiff claims that he did exhaust administrative remedies, his current claims are about more than just confinement, and that the two purposes for the exhaustion requirement do not apply to his case.  Plaintiff has allegedly been pepper-sprayed again and is receiving continuing threats even though he has been moved to a different facility.[4]  Plaintiff also claims that Defendants have not filed their response to Plaintiff's Step 2 grievance form and have not requested exceptions or extensions to the deadline, which has since passed during the course of this action.

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the

---

[3] Plaintiff discusses claims of verbal threats by a prison official from the initial Complaint [Dkt. No. 1] that were not contained in the Amended Complaint [Dkt. No. 21].  Objections to a Report is not the proper platform to raise these claims again, therefore the court will not address these issues at this time.

[4] Objections to a Report and Recommendation is not the proper place to raise new issues.  These later incidents are not included in the Amended Complaint and are considered new issues.  Therefore, the court will not address these claims at this time.

plaintiff fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

Under the Prisoner Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is mandatory before an action can be brought in federal court. 42 U.S.C. § 1997e(a); *see Booth v. Churner*, 532 U.S. 731, 739 (2001). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth* at 532 U.S. 731.

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

## DISCUSSION

Plaintiff's Objections to the second Report address issues regarding the exhaustion of remedies within the prison system. Plaintiff filed his Step 2 grievance form with the prison on June 30, 2012 and filed his Amended Complaint in this case on July 10, 2012. The IGC had a maximum of seventy days to complete the grievance process and respond. Although Plaintiff completed his last active step in the grievance process, he did not wait the allotted amount of time for the IGC to respond and complete the entire process. Plaintiff must *properly* exhaust his administrative remedies before filing an action in federal court. *Woodford*, 548 U.S. at 90.

Because Plaintiff did not wait for a response, he did not properly exhaust his administrative remedies and his claim is barred at this time.

Although Plaintiff argues that the IGC failed to respond to his Step 2 grievance, neither he nor the Defendants have shown that his grievance would be absolutely barred or infeasible at this time. Absent that showing, dismissal without prejudice is appropriate at this time. *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
June 26, 2013